IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY MORGAN BROWN,<br><br>    Petitioner,<br><br>  v.<br><br>TOM CAREY,<br><br>    Respondent.<br>_____ | No. C 06-0861 MMC (PR)<br><br>**ORDER TO SHOW CAUSE;**<br>**GRANTING LEAVE TO PROCEED**<br>**IN FORMA PAUPERIS**<br><br>(Docket Nos. 2 & 4) |

    On November 21, 2005, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Eastern District of California. On February 6, 2006, the case was transferred to this court. Petitioner has applied for leave to proceed in forma pauperis.

## BACKGROUND

    In 2003, petitioner was sentenced to state prison following a jury trial in which he was convicted of theft, second degree burglary and forgery. The California Court of Appeal affirmed and the California Supreme Court denied the petition for review.

## DISCUSSION

A.   Standard of Review

    This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Legal Claims

Petitioner claims that: (1) his rights under the Sixth Amendment were violated when his request to represent himself was denied and (2) the trial court violated his constitutional rights by instructing the jury pursuant to CALJIC No. 17.41.1.  Liberally construed, petitioner's claims are cognizable.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1.  The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2.  Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

3.  In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee

1  Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a
2  motion, petitioner shall file with the Court and serve on respondent an opposition or
3  statement of non-opposition within 30 days of the filing of the motion, and respondent shall
4  file with the Court and serve on petitioner a reply within 15 days of the filing of any
5  opposition.

6      4.   Petitioner is reminded that all communications with the Court must be served
7  on respondent by mailing a true copy of the document to respondent's counsel.

8      5.   It is petitioner's responsibility to prosecute this case.  Petitioner must keep the
9  Court and respondent informed of any change of address and must comply with the Court's
10 orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
11 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12     6.   Upon a showing of good cause, requests for a reasonable extension of time will
13 be granted as long as they are filed on or before the deadline which they seek to extend.

14     7.   In light of petitioner's lack of funds, the application to proceed in forma
15 pauperis is GRANTED.

16  This order terminates Docket Nos. 2 and 4.

17  IT IS SO ORDERED.

18  DATED: June 5, 2006

19  _____
    MAXINE M. CHESNEY
    United States District Judge