IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY MORGAN BROWN, ) | No. C 06-0861 MMC (PR) |
| Petitioner, ) | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. ) | |
| TOM L. CAREY, Warden, ) | |
| Respondent. ) | |
| _____ ) | |

On February 9, 2006, petitioner Sydney Brown, a California state prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of his conviction. In response to the Court's order directing respondent to show cause as to why relief should not be granted, respondent has filed an answer. Petitioner has not filed a traverse. Having reviewed the briefs and the underlying record, the Court concludes petitioner is not entitled to relief based on the claims presented and, accordingly, will deny the petition.

**BACKGROUND**

In 2003, a Contra Costa Superior Court jury convicted petitioner of twenty-nine counts of forgery (Cal. Pen. Code § 470(a)). (Ans. Ex. E (People v. Brown, No. A102833 (Cal. Ct. App. Aug. 31, 2004)) at 3.) The superior court found true allegations that petitioner had suffered five prior felony convictions within the meaning of California Pen. Code §§ 667(b)-(i) and 1170.12. (Id.) After striking four of the prior conviction allegations, the superior court sentenced petitioner to

seven years and four months in state prison. (Id.)

Petitioner appealed, and the California Court of Appeal for the First Appellate District affirmed the judgment in 2004. (Id. at 1.) The California Supreme Court thereafter denied petitioner's petition for review. (Ans., Ex. G.)

As grounds for federal habeas relief, petitioner alleges that the trial court (1) denied his right to self-representation; and (2) violated his due process rights when it instructed the jury under California Jury Instruction ("CALJIC") 17.41.1. (Order to Show Cause at 2.)

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). Habeas relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 796 (2001).

The state court decision to which 2254(d) applies is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to have considered the petitioner's claims, the district court looks to the last reasoned state court opinion, which, in this case, is the California Court of Appeal's opinion affirming the trial court's judgment.

1 (Ans Ex. E); See Nunnemaker, 501 U.S. at 801-06; Shackleford v. Hubbard, 234 F.3d 1072, 1079
2 n. 2 (9th Cir. 2000).
3 B.   Petitioner's Claims
4     1.   Denial of Request for Self-Representation
5 Petitioner claims the trial court denied his Sixth Amendment right to self-representation.
6 (Pet. at 5.)
7 On the first day of trial, the date on which jury selection was to begin, petitioner moved to
8 change counsel, a motion the trial court denied.  (Ans. Ex. J (Reporter's Transcript, 2/11/03) at 5, 7,
9 9.)  In response, petitioner stated he would rather represent himself, but that he was "not prepared" at
10 that time and that he "need[ed] time to go pro per."  (Id. at 9.)  The trial court denied petitioner's
11 request without prejudice, stating the court would revisit the issue in two days, when the trial was to
12 resume, thereby giving petitioner time to consider his decision.  (Id. at 12-13.)
13 Two days later, petitioner renewed his motion for self-representation.  (Ans. Ex. E at 5.)  The
14 trial court denied the renewed motion, noting the case was in the middle of jury selection, was ready
15 for trial, and should proceed, particularly given that the complaining witness was elderly and infirm.
16 (Id.)  The California Court of Appeal denied petitioner's self-representation claim, finding
17 petitioner's requests were untimely, the first having been made on the day trial was scheduled to
18 commence.  (Ans. Ex. E at 7-8.).  The state appellate court agreed, finding the record demonstrated
19 petitioner had had ample time to bring his motion prior to trial.
20 A criminal defendant has a Sixth Amendment right to self-representation.  Faretta v.
21 California, 422 U.S. 806, 832 (1975).  A defendant's request to represent himself must, however, be
22 made in timely fashion; "a  timeliness element in a Faretta request is clearly established federal law
23 as determined by the Supreme Court."  Marshall v. Taylor, 395 F.3d 1058, 1061 (9th Cir. 2005)
24 (internal quotation and citation omitted).  "[B]ecause the Supreme Court has not clearly established
25 when a Faretta request is untimely," however, "other courts are free to do so as long as their
26 standards comport with the Supreme Court's holding that a request 'weeks before trial' is timely."
27 Id.  The California Supreme Court has held that a Faretta request must be made "within a reasonable
28 amount of time prior to the commencement of trial."  See People v. Windham, 19 Cal. 3d 121, 127-

28 (1977). In Marshall, the defendant had made his Faretta request on the morning of trial. Marshall, 395 F. 3d at 1061. The Ninth Circuit found no constitutional error in the state court's denial of the request. See id. ("Because the timing of [petitioner's] request fell well inside the 'weeks before trial' standard for timeliness established by Faretta, the [California] court of appeal's finding of untimeliness clearly comports with Supreme Court precedent."). In so holding, the Ninth Circuit further observed that the petitioner had "presented no facts to show that his last-minute request was reasonable," and that "he could have made his request much earlier than the day of trial." Id. at 1061.

For the same reasons, the claim made by petitioner herein is unavailing. Petitioner's motions, made, respectively, on the first and second days of trial, fell "well inside" the "weeks before trial" standard, and petitioner has not shown that his "last-minute request was reasonable." See id. In sum, petitioner's Faretta requests were untimely and, consequently, the trial court did not violate his right to self-representation by denying them.

2. CALJIC 17.41.1

Petitioner claims the trial court erred in instructing the jury under CALJIC 17.41.1,[1] which instruction, petitioner contends, violates a defendant's right to trial by a jury, to jury unanimity, and to due process. (Pet. at 5.) The California Court of Appeal rejected this claim because the California Supreme Court had found CALJIC 17.41.1 is not unconstitutional. (Ans. Ex. E at 9.)

In Brewer v. Hall, 378 F.3d 952 (9th Cir. 2004), the Ninth Circuit held: "No Supreme Court case establishes that an instruction such as CALJIC 17.41.1 violates an existing constitutional right." See id. at 956. Petitioner's claim is foreclosed by Brewer.

Accordingly, for all of the above reasons, this Court concludes that the state court's

---

[1] CALJIC 17.41.1 states:

The integrity of a trial requires that jurors, at all times during their deliberations, conduct themselves as required by these instructions. Accordingly, should it occur that any juror refuses to deliberate or expresses an intention to disregard the law or to decide the case based on penalty or punishment, or any other improper basis, it is the obligation of the other jurors to immediately advise the Court of the situation.

determination, as each of petitioner's claims, was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented . See 28 U.S.C. § 2254(d)(1), (2).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is hereby DENIED. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: November 4, 2008

MAXINE M. CHESNEY
United States District Judge

5